**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY KLAYMAN, on behalf of himself<br>and all others similarly situated,<br>2020 Pennsylvania Ave. NW<br>Suite 800<br>Washington, DC 20006<br><br>and<br><br>MICHAEL FERRARI, on behalf of himself<br>and all others similarly situated,<br>Santa Clara, CA<br><br>and<br><br>CHARLES STRANGE, on behalf of himself<br>and all others similarly situated,<br>Philadelphia, Pennsylvania<br><br>and<br><br>MATT GARRISON, on behalf of himself<br>and all others similarly situated,<br>Long Beach, CA<br><br>               Plaintiffs,<br>v.<br><br>BARACK HUSSEIN OBAMA II,<br>President of the United States<br>1600 Pennsylvania Ave. NW<br>Washington, DC 20500<br><br>and<br><br>ERIC HIMPTON HOLDER, JR.,<br>Attorney General of the United States<br>555 Fourth St. NW<br>Washington, DC 20530<br><br>and | Civil Action No.: |

KEITH B. ALEXANDER
Director of the National Security Agency,
9800 Savage Rd.
Fort Meade, MD 20755

and

NATIONAL SECURITY AGENCY,
Director of the National Security Agency,
9800 Savage Rd.
Fort Meade, MD 20755

and

THE U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Ave. NW
Washington, DC 20530
and

FACEBOOK, INC.,
156 University Avenue
Palo Alto, CA 94301

and

MARK ZUCKERBERG,
Founder and CEO of Facebook
156 University Avenue
Palo Alto, CA 94301

and

GOOGLE,
1600 Amphitheatre Parkway
Mountain View, CA 94043

and

LARRY PAGE
CEO of Google
1600 Amphitheatre Parkway
Mountain View, CA 94043

and

YOUTUBE INC./LLC,
San Bruno, CA

and

SALAR KAMANGAR
CEO of YouTube
San Bruno, CA

and

APPLE, INC.,
1 Infinite Loop
Cupertino, CA 95014

and

TIMOTHY D. COOK
CEO of Apple
1 Infinite Loop
Cupertino, CA 95014

and

MICROSOFT CORP.,
One Microsoft Way
Redmond, Washington 98052

and

STEVE BALLMER
CEO of Microsoft
One Microsoft Way
Redmond, Washington 98052

and

SKYPE
2145 Hamilton Ave.
San Jose, CA 95125

and

TONY BATES
CEO of Skype
2145 Hamilton Ave.

San Jose, CA 95125

and

AOL
560 Broadway, Suite 308
New York, NY 20012

and

TIM ARMSTRONG
CEO of AOL
560 Broadway, Suite 308
New York, NY 20012

and

YAHOO!
701 1st Avenue,
Sunnyvale, CA 94089

and

MARISSA MEYER
CEO of Yahoo!
701 1st Avenue,
Sunnyvale, CA 94089

and

PALTALK
500 North Broadway, Suite 259
Jericho, NY 11753

and

JASON KATZ
CEO of PalTalk
500 North Broadway, Suite 259
Jericho, NY 11753

and

AT&T
1209 Orange Street
Wilmington, Delaware 19801

and

RANDALL L. STEPHENSON
Chairman and CEO of AT&T
1209 Orange Street
Wilmington, Delaware 19801

and

SPRINT COMMUNICATIONS COMPANY
6200 Sprint Parkway
Overland Park, KS 66251

and

DANIEL R. HEESE
CEO of Sprint
6200 Sprint Parkway
Overland Park, KS 66251

        Defendants.

## **COMPLAINT**

Plaintiff, Larry Klayman, ("Klayman"), a former U.S. Department of Justice prosecutor,

Plaintiff Michael Ferrari, ("Ferrari"), Plaintiff Charles Strange, ("Strange"), and Plaintiff Matt

Garrison, ("Garrison"), (collectively "Plaintiffs"), bring this action on their own behalf and on

behalf of a class of persons defined below. Plaintiffs hereby sue Barack Hussein Obama, Eric H.

Holder ("Holder"), Keith B. Alexander ("Alexander"), the U.S. Department of Justice ("DOJ"),

the National Security Agency ("NSA"), Mark Zuckerberg ("Zuckerberg"), Facebook, Inc.,

("Facebook"), Google, Inc. ("Google"), Larry Page, ("Page"), YouTube, Inc./LLC ("YouTube"),

Salar Kamangar ("Kamangar"), Apple, Inc., ("Apple"), Timothy D. Cook, ("Cook"), Microsoft

Corp., ("Microsoft"), Steve Ballmer ("Ballmer"), Skype, Tony Bates ("Bates"), AOL, Tim

Armstrong, ("Armstrong"), Yahoo!, Inc., ("Yahoo!"), Marissa Meyer, ("Meyer"), PalTalk, Jason

Katz ("Katz"), AT&T, Randall L. Stephenson ("Stephenson"), Sprint Communications

Company, ("Sprint"), and Daniel R. Heese ("Heese"), (collectively "Defendants"), in their personal and official capacities, for violating Plaintiffs' constitutional rights, Plaintiffs' reasonable expectation of privacy, free speech and association, right to be free of unreasonable searches and seizures, and due process rights, as well as certain common law claims, for directly and proximately causing Plaintiffs mental and physical pain and suffering and harm as a result of the below pled illegal and criminal acts. Plaintiffs and members of the class pled below allege as follows:

## INTRODUCTION

1.       Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers, users, and U.S. citizens who are subscribers, users, customers, and otherwise avail themselves to Facebook, Yahoo, Google, Microsoft, YouTube, AOL, PalTalk, Skype, Sprint, AT&T, and/or Apple.

2.       This is an action for monetary, declaratory, equitable, and injunctive relief as a result of the U.S. Government's illegal and unconstitutional use of an electronic surveillance program in violation of the First, Fourth, and Fifth Amendments to the U.S. Constitution. This action also involves violations of privacy, including intrusion upon seclusion, freedom of expression and association, due process and other illegal acts. This is also an action for divulgence of communication records in violation of 18 U.S.C. §2702(a)(1), (2), and (3). In addition, this lawsuit challenges the government's expansive acquisition of Plaintiffs' telephone records under Section 215 of the Patriot Act, 50 U.S.C. §1860 and the legality of Defendants' participation and conduct in a secret and illegal government scheme to intercept and analyze vast quantities of communications from the Internet and electronic service providers.

3.      The NSA's classified program, referred to as "PRISM," is an internal government

computer system used to manage domestic and foreign intelligence collected from the

internet and other electronic service provides. Government officials have indicated this

program has been in place for seven years and that it collects records of all telephone

communications of every customer of a major phone company including Verizon,

AT&T, and Sprint.

4.      The government has acknowledged that it is collecting "metadata" about every phone call

made or received by residents of the U.S., and these records provide intricate details,

including the identity of the individual who was spoken to, the length of time of the

conversation, and where the conversation took place. Moreover, it gives the government

a comprehensive record of an individual's associations, speech, and public movements

while revealing personal details about an individual's familial, political, professional,

religious, and intimate associations.

5.      For example, recently, the government ordered access to Verizon's electronic copies of

the following tangible things: all call detail records or "telephony metadata" created by

Verizon for communications (i) between the United States and abroad; or (ii) wholly

within the United States, including local telephone calls. Such telephony metadata

includes comprehensive communications routing information, including but not limited

to session identifying information (e.g. originating and terminating telephone number,

International Mobile Subscriber Identity (IMSI) number, International Mobile station

Equipment Identity (IMEI) number, etc.) trunk identifier, telephone calling card numbers,

and time and duration of call. (As a result of the blatant intrusion and violation of privacy

rights, in a related case, Plaintiffs Klayman and Strange filed a Class Action Complaint

against Verizon, Civil Action No.: 1:13-cv-00851)

6.   Prior to this disclosure and revelation, Plaintiffs and class members had no notice and no

reasonable opportunity to discover the existence of the surveillance program or the

violation of the laws alleged herein.

7.   The NSA and the Federal Bureau of Investigation continue to siphon personal data from

the main computer servers of reportedly major U.S. Internet firms, including Microsoft

(Hotmail, etc.), Google, Yahoo!, Facebook, PalTalk, YouTube, Skype, AOL, and Apple.

The information the NSA receives in the surveillance and collection of stored

communications include, E-mails, chat (video/voice), videos, photos, stored data, VoIP,

file transfers, video conferencing, notification of target activity (i.e. logins, etc.), online

social networking details, and other special requests.

8.   Defendants maintain domestic telecommunications facilities over which hundreds of

millions of Americans' telephone communications pass every day. Defendants also

include internet service providers and popular website founders, who provide internet,

email, social networking, and the like to millions of Americans, who use these services as

a primary means of communication. Defendants also manage some of the largest

databases in the world containing records of most or all communications made through

their myriad telecommunications services and operations.

9.   Defendants have opened its key telecommunication databases to direct access by the

NSA and/or other government agencies, intercepting and disclosing to the government

the contents of its customers as well as detailed communication records over three

hundred million of its customers, including Plaintiffs and class members. On information

and belief, Defendants continue to assist the government in its secret surveillance of over

three hundred million of ordinary Americans citizens just on a daily basis.

10.     Such broad and intrusive PRISM collections directly violate the U.S. Constitution and

also federal laws, including, but not limited to, the outrageous breach of privacy, freedom

of speech, freedom of association and the due process rights of American citizens.

Plaintiffs and members of the class are suing for damages, declaratory, equitable, and

injunctive relief to stop this illegal conduct and hold Defendants, individually and

collectively, responsible for their illegal collaboration in the surveillance program, which

has violated the law and damaged the fundamental freedoms of American citizens.

## THE PARTIES

11.     Plaintiff Larry Klayman is an individual and an attorney who is a subscriber and user of

Verizon Wireless, Apple, Microsoft, YouTube, Yahoo, Google, Facebook, AT&T, and

Skype at all material times. Klayman routinely communicates with members of the public

as well as journalists and associates by telephonic communications and electronic

messages through Facebook, Google, Apple, and Skype. Klayman's communications,

particularly as an attorney, are sensitive and often privileged. Plaintiff Larry Klayman

resided in the District of Columbia ("D.C") for over twenty years and continues to

conduct business in Washington, D.C. as the Chairman and General Counsel of Freedom

Watch and otherwise. Plaintiff Larry Klayman is a public advocate and has filed lawsuits

against President Obama and has been highly critical of the Obama administration as a

whole. On information and belief, Defendants have accessed the records pertaining to

Plaintiff Larry Klayman.

12.   Plaintiff Strange is an individual and the father of Michael Strange, a member of Navy

SEAL Team VI who was killed when the helicopter he was in was attacked and shot

down by terrorist Taliban jihadists in Afghanistan on August 6, 2011. Plaintiff Strange is

a consumer, subscriber, and user of Google/Gmail, Yahoo, Facebook, AOL, and

YouTube. On information and belief, Defendants have accessed Plaintiff Strange's

records particularly since these Plaintiffs have been vocal about their criticism of

President Obama as commander-in-chief, his administration, and the U.S. military

regarding the circumstances surrounding the shoot down of their son's helicopter in

Afghanistan, which resulted in the death of his son and other Navy Seal Team VI

members and special operation forces. Plaintiff Strange has substantial connections with

Washington, D.C., as he holds press conferences in Washington, D.C. and lobbies in

Washington, D.C. as an advocate for his son and to obtain justice for him, as well as to

change the policies and orders of President Obama and the U.S. military's acts and

practices, which contributed to his son's death.

13.   Plaintiff Ferrari is an individual who is a subscriber, consumer, and user of Sprint,

Google/Gmail, Yahoo!, and Apple. As a prominent private investigator, Ferrari regularly

communicates, both telephonically and electronically, with associates and other members

of the public, regarding various matters including work-related discussions. Additionally,

Ferrari's emails contain private details, discussions, and communications. Similarly,

Ferrari's Apple product may contain confidential documents and information.

14.   Plaintiff Garrison is an individual who is a consumer and user of Facebook, Google,

YouTube, and Microsoft products. As also a prominent private investigator, Plaintiff

Garrison is required to use his computer, which contains Microsoft programming, for

personal matters as well as work related matters. Plaintiff stores various documents and records on his computer, which are private records.

15. Defendant Barack Hussein Obama ("Obama") is the President of the United States and currently resides in Washington, D.C.

16. Defendant Eric Holder ("Holder") is the Attorney General of the United States and conducts his duties as the Attorney General in Washington, D.C.

17. The National Security Agency ("NSA") is an intelligence agency of the U.S. Department of Defense and conduct its duties in Washington, D.C.

18. Defendant Keith B. Alexander ("Alexander") is the Director of the National Security Agency. He is also the commander of the U.S. Cyber Command, where he is responsible for planning, coordinating, and conducting operations of computer networks. He is also at the command for U.S. National Security Information system protection responsibilities. He conducts his duties for the National Security Agency in Washington, D.C.

19. Defendant The U.S. Department of Justice ("DOJ") is a U.S. federal executive department responsible for the enforcement of the law and administration of justice, and its headquarters is located in Washington, D.C., where it conducts most of its activities and business.

20. Defendant Mark Zuckerberg ("Zuckerberg") is an individual who at all times mentioned herein resides in California. Zuckerberg is the founder and CEO of Facebook, Inc.

21. Defendant Facebook, Inc., ("Facebook") is a New York Corporation who, at all material times has corporate headquarters located at 156 University Avenue, Palo Alto, CA 94301 and engages in social networking via the internet. Defendants Zuckerberg and Facebook do business in D.C. and Facebook is widely viewed and read there.

22.     Defendant Google ("Google") is a Delaware Corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google is a technology company that provides free web products to consumers, including its widely used email service, "Gmail," which allows consumers to send and receive emails, chat with other consumers, and store email messages, contact lists, calendar entries, and other information on Google's servers. Google also offers consumers Google+, a social network where consumers can set up a profile and share text, links, photos and videos through a variety of Google products, such as Google Reader, Google, Blogger, and Picasa. In addition, Google provides a variety of other products, including its well-known globally utilized search engine, YouTube, Google Docs (where consumers can create and edit documents online); and Google Maps (where consumers can view satellite images of locations all over the world, plan routes, and which has a GPS-like service that tracks the consumer's location).

23.     Different Google products log and keep track of different information about consumers and users, including a consumer's and user's first and last name, home or other physical address, the consumer's current, physical location, the consumer's email address or other online contact information, the consumer's telephone number and list of contacts; and the consumer's search history from Google's search engine.

24.     Defendant Larry Page, ("Page"), is the cofounder and CEO of Google.

25.     Defendant YouTube, Inc./LLC, ("YouTube"), is a Delaware corporation with its principal place of business in San Bruno, CA. YouTube is a wholly owned and controlled subsidiary of Google, who acquired YouTube in 2006 for $1.65 billion. YouTube operates a website, located at www.youtube.com, and is one of the most prominent,

popular, and widely used websites on the Internet. It allows consumers to stream and post videos of interest to them.

26.    Defendant Salar Kamangar, ("Kamangar"), is the CEO of YouTube.

27.    Defendant Apple, Inc., ("Apple") is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, CA 95014. Apple is a leading designer and manufacturer of popular mobile communication devises, personal computers, and portable digital media players. Apple products include, but are not limit to, the iPhone, iPod, iPad computer tablet, and unique computers.

28.    Defendant Timothy D. Cook ("Cook)" is the CEO of Apple.

29.    Defendant Microsoft Corporation, ("Microsoft") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at One Microsoft Way, Redmond, Washington 98052. Microsoft sells and licenses operating systems for PC's throughout the United States and the world.

30.    Defendant Steve Ballmer, ("Ballmer") is the CEO of Microsoft.

31.    Defendant Skype is a Delaware corporation having an address and place of business at 2145 Hamilton Avenue, San Jose, CA 95125. Skype is engaged in the business of providing Voice Over Internet Protocol ("VoIP") peer-to-peer communication products and services and other related products and services to users located around the world. As part of Skype's overall business, Skype provides its user with the means to make free, unlimited global telephone calls to other Skype users over the internet using peer-to-peer software.

32.    Defendant Tony Bates, ("Bates") is the CEO of Skype.

33.     Defendant AOL ("AOL") is a corporation organized and existing under the laws of the

state of Delaware with its principal place of business in the County of New York in the

State of New York at 560 Broadway, Suite 308, New York, NY 20012. AOL is a

computer on-line, interactive information, communication, and transaction service.

34.     Defendant Tim Armstrong ("Armstrong") is the CEO of AOL.

35.     Defendant Yahoo! ("Yahoo!"), is a corporation organized under the laws of Delaware,

with its principal place of business at 701 1st Avenue, Sunnyvale, CA 94089. Yahoo! is a

global internet communication and media company that offers a comprehensive branded

network of services to users worldwide. Yahoo! Provides online products such as news,

finance, social networking, search engine, e-mail, instant messaging, and shopping to

millions of daily users.

36.     Defendant Marissa Meyer ("Meyer") is the CEO of Yahoo!.

37.     Defendant PalTalk, ("PalTalk") is a Deleware corporation with its principal place of

business at 500 North Broadway, Suite 259 Jericho, NY 11753. PalTalk provides a

technology that allows users to participate in multiplayer games over the internet, and

allows users to communicate through a group messaging server as well as establishing

groups for online game play.

38.     Defendant Jason Katz ("Katz") is the CEO of PalTalk.

39.     Defendant AT&T ("AT&T"), is a Delaware corporation having its principal place of

business at 1209 Orange Street, Wilmington, Delaware. AT&T provides local and long-

distance telecommunication services to businesses and residential customers, in addition

to providing DSL services and wireless communication services throughout the United

States to its customers throughout the United States.

40.    Defendant Randall L. Stephenson, ("Stephenson") is the Chairman and CEO of AT&T.

41.    Defendant Sprint Communications Company, ("Sprint") is organized and exists under the

       laws of the State of Delaware, with its principal place of business at 6200 Sprint

       Parkway, Overland Park, KS 66251. Sprint is a global communications company that

       provides telecommunications services to business and residential customers in more than

       70 companies. Sprint also provides internet services, and its internet network has a

       substantial customer base of large U.S. and international service providers.

42.    Defendant Daniel R. Hesse ("Hesse") is the CEO for Sprint Nextel.

43.    All of these Defendants, each and every one of them, jointly and severally, acted in

       concert to violate the constitutional privacy rights, free speech, freedom of association,

       due process and other legal rights of Plaintiffs and all other American citizens similarly

       situated who are members of the classes pled herein.


**JURISDICTION AND VENUE**

44.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331

       (Federal Question Jurisdiction).

45.    Jurisdiction and venue are proper pursuant to 28 U.S.C. §1331, which states in pertinent

       part, "[t]he district courts shall have original jurisdiction of all civil actions arising under

       the Constitution, laws, or treaties of the United States." At issue here is the

       unconstitutional violation of Plaintiffs' rights under the First, Fourth, and Fifth

       Amendments to the U.S. Constitution.

46.    Supplemental jurisdiction is also proper under 28 U.S.C. §1367, which states in pertinent

       part, " . . .in any civil action of which the district courts have original jurisdiction, the

       district courts shall have supplemental jurisdiction over all other claims that are so related

to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

47.   Plaintiffs are informed, believe and thereon allege that, based on the places of business of the Defendants and/or on the national reach of Defendants, a substantial part of the events giving rise to the claims herein alleged occurred in this district and that Defendants and/or agents of Defendants may be found in this district. In addition, Defendants' actions caused injury to Plaintiffs in this District, which they engaged in international communications.

## STATEMENT OF FACTS

48.   The NSA began a classified surveillance program, known as "PRISM," to intercept the telephone communications of persons inside the United States, a program that continues to this date.

49.   On June 5, 2013, The Guardian published an article entitled, "NSA collecting phone records of millions of Verizon customers daily. Exclusive: Top secret court order requiring Verizon to hand over all call data shows scale of domestic surveillance under Obama." The U.S. government, on the orders authorization of the President, the Attorney General, the DOJ and the NSA, has obtained a top secret court order that directs Verizon to turn over the telephone records of over one hundred million Americans to the NSA on an ongoing daily basis.

50.   Based on knowledge and belief, this Verizon Order is the broadest surveillance order to ever have been issued; it requires no level of reasonable suspicion or probable cause and

incredibly applies to all Verizon subscribers and users anywhere in the United States and overseas.

51.   Since June 5, 2013, Defendants Obama, Holder, Alexander, McAdan, Vinson, Verizon, the DOJ, and the NSA have been widely condemned among American citizens regarding their failure to uphold the U.S. Constitution and intentionally violating the fundamental rights of Plaintiffs, members of the class, and over one hundred million of other Americans. As just one example, Senator Rand Paul called the surveillance of Verizon phone records "an astounding assault on the constitution," and has called for a class action lawsuit such as this one.

52.   Under Defendant Obama's administration, the communication records of over one hundred million of U.S. citizens are being collected indiscriminately and in bulk - regardless of whether there is reasonable suspicion or any "probable cause" of any wrongdoing.

53.   Such schemes by the Defendants in concert with the government have subjected untold number of innocent people to the constant surveillance of government agents. As Jameel Jaffeer, the ACLU's deputy legal director, stated, "It is beyond Orwellian, and it provides further evidence of the extent to which basic democratic rights are being surrendered in secret to the demands of unaccountable intelligence agencies."

54.   To date, Defendants have not issued substantive and meaningful explanations to the American people describing what has occurred. To the contrary, criminal charges are reportedly being pursued by Defendants Obama, Holder, the DOJ, and the NSA against the leaker of this plot against American citizens in a further effort suppress, obstruct justice, and to keep Defendants' illegal actions as secret as possible.

55.   Rather, on information and belief, the NSA, under the authorization of President Obama, continues to engage in a systematic program of warrantless eavesdropping upon phone and email communications of hundreds of millions of individuals, including American citizens and permanent legal residents, both within and outside of the U.S. The NSA Surveillance program collects not only the identities of persons communications with the targets of surveillance, but also the contents of those communications.

56.   Such intrusive and illegal surveillance have directly impacted each and every Plaintiff. The revelation that the government has been carrying on widespread warrantless interception of electronic communications has impaired Plaintiffs' ability to communicate via telephone, email, and otherwise on the internet, out of fear that their confidential, private, and often privileged communications are being and will be overheard by the NSA's surveillance program.

57.   The risk and knowledge that Plaintiffs' telephonic, and internet, electronic conversations may be overheard, undoubtedly chills speech, in violation of Plaintiffs' First Amendment rights.

## CLASS ACTION ALLEGATIONS

58.   Pursuant to Federal Rules of Civil Procedure, Rule 23(a) and Rule 23(b), Plaintiffs bring this action on behalf of themselves and a nationwide class (the "Nationwide Class") of similarly situated persons defined as: All American citizens in the United States and overseas who are current subscribers, users, or customers of the services and/or products of Facebook, Google, Yahoo, YouTube, Skype, AOL, Sprint, AT&T, Apple, Microsoft, and PalTalk.

59.     Plaintiffs also bring this action on behalf of themselves and other American citizens who, in addition to being members of the Nationwide Class, had their telephone calls and/or emails and/or any other communications made or received through Facebook, Google, Yahoo, YouTube, Skype, AOL, Sprint, AT&T, Apple, Microsoft and/or PalTalk actually recorded and/or listened into by or on behalf of Defendants (the "Subclass").

60.     The Nationwide Class and Subclass seek certification of claims for declaratory relief, injunctive relief and damages pursuant to 18 U.S.C. §2707.

61.     Excluded from the Nationwide Class and the Subclass are the officers, directors, and employees of Defendants, their legal representatives, heirs, successors, and assigns of Defendants, and all judges who may ever adjudicate this case.

62.     This action is brought as a class action and may be so maintained pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 23. Plaintiffs reserve the right to modify the Nationwide Class and Subclass definitions and the class period based on the results of discovery.

63.     **Numerosity of the Nationwide Class:** The National Class and the Subclass (collectively referred to below as the "Class") are so numerous that the individual joinder of all members, in this or any action is impracticable. The exact number or identification of Class members is presently unknown to Plaintiffs, but it is believed that the Class numbers over a hundred million citizens. The identity of Class members and their addresses may be ascertained from Defendants' records. Class members may be informed of the pendency of this action by a combination of direct mail and public notice, or other means, including through records possessed by Defendants.

64.  **Commonality:** There is a well-defined community of interest in the questions of law and

fact involved affecting the members of the Class. These common legal and factual

questions include:

    a.  Whether Defendants have divulged subscriber information or other records
pertaining to Class members in violation of 18 U.S.C. §2702(a)(3), or are
currently doing so;

    b.  Whether Plaintiffs and Class members are entitled to recover compensatory,
statutory and punitive damages, whether as a result of Defendants' illegal
conduct, and/or otherwise;

    c.  Whether Plaintiffs and Class members are entitled to declaratory, injunctive
and/or equitable relief; and

    d.  Whether Plaintiffs and Class members are entitled to an award of reasonable
attorneys' fees, pre-judgment interest, and costs of this suit.

65.  **Typicality**: Plaintiffs' claims are typical of the claims of the members of the Class

because Plaintiffs and the Class members are or were a subscriber, consumer, or user of

Defendants' products and/or services and have communicated, either telephonically or

electronically, through Defendants' product(s). Plaintiffs and all members of the Class

have similarly suffered harm arising from Defendants' violations of law, as alleged

herein.

66.  **Adequacy**: Plaintiffs are adequate representatives of the Class because their interests do

not conflict with the interests of the members of the Class they seek to represent.

Plaintiffs intend to prosecute this action vigorously. Plaintiffs will fairly and adequately

protect the interest of the members of the Class.

67.  This suit may also be maintained as a class action pursuant to Federal Rule of Civil

Procedure 23(b)(2) because Plaintiffs and the Class seek declaratory and injunctive relief,

and all of the above factors of numerosity, common questions of fact and law, typicality

and adequacy are present. Defendants have acted on grounds generally applicable to

Plaintiffs and the Class as a whole, thereby making declaratory and/or injunctive relief proper.

68. **Predominance and Superiority:** This suit may also be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual Class member, depending on the circumstances, may be relatively small or modest, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Furthermore, it would be virtually impossible for the Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Moreover, even if Class members themselves could afford such individual litigation, the court system could not. Individual litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expenses to all parties and the court system presented by the complex legal issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### (Fifth Amendment Violation – Defendants Obama, Holder, Alexander, DOJ, and NSA)
### (Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)

69. Plaintiffs and the members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 68 of this Complaint with the same force and affect, as if fully set forth herein again at length.

70.     Plaintiffs and the members of the Class enjoy a liberty interest in their personal security

        and in being free from the Defendants' and the government's use of unnecessary and

        excessive force or intrusion against his person.

71.     Plaintiffs and the members of the Class enjoy a liberty of not being deprived of life

        without due process of law, as guaranteed by the Fifth Amendment to the U.S.

        Constitution.

72.     Defendants Obama, Holder, Alexander, the DOJ, and the NSA violated Plaintiffs' and the

        Class members' constitutional rights when they authorized broad and intrusive

        collections of records of individuals through the PRISM surveillance program, thereby

        giving the government and themselves unlimited authority to obtain telephone and

        internet data for a specified amount of time.

73.     By reason of the wrongful conduct of the Defendants, each and every one of them, jointly

        and severally, Plaintiffs and members of the Class suffered and continue to suffer from

        severe emotional distress and physical harm, pecuniary and economic damage, loss of

        services, and loss of society accordingly.

74.     These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal

        Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the

        intentional and willful actions of Defendants Obama, Holder, Alexander, DOJ and NSA,

        Plaintiffs and members of the Class demand judgment be entered against Defendants

        Obama, Holder, Alexander, DOJ and NSA, each and every one of them, jointly and

        severally, including an award of compensatory and actual damages, punitive damages,

        equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs,

        and an award in an amount in excess of $20 billion U.S. dollars, and such other relief as

the Court may deem just and proper. Plaintiffs and the members of the Class demand

declaratory and injunctive and other equitable relief against all of Defendants as set forth

below.

## SECOND CLAIM FOR RELIEF
### (First Amendment Violation - Defendants Obama, Holder, Alexander, DOJ, and NSA)
### (Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)

75.    Plaintiffs and members of the Class repeat and reallege all of the previous allegations in

       paragraphs 1 through 74 of this Complaint with the same force and affect, as if fully set

       forth herein again at length.

76.    Defendants Obama, Holder, Alexander, DOJ and NSA, acting in their official capacity

       and personally, abridged and violated Plaintiffs' and Class members' First Amendment

       right of freedom of speech and association by significantly minimizing and chilling

       Plaintiffs' and Class members' freedom of expression and association.

77.    Defendants Obama, Holder, Alexander, DOJ and NSA's acts chill, if not "kill," speech

       by instilling in Plaintiffs, members of the Class, and over a hundred million of Americans

       the fear that their personal and business conversations with other U.S. citizens and

       foreigners are in effect tapped and illegally surveyed.

78.    In addition, Defendants Obama, Holder, Alexander, DOJ and NSA, acting in their official

       capacity and personally, violated Plaintiffs' and Class members' right of freedom of

       association by making them and others weary and fearful of contacting other persons and

       entities via cell phone out of fear of the misuse of government power and retaliation

       against these persons and entities who challenge the misuse of government power.

79.     By reason of the wrongful conduct of these Defendants, Plaintiffs and members of the

        Class suffered and continue to suffer from severe emotional distress and physical harm,

        pecuniary and economic damage, loss of services, and loss of society accordingly.

80.     These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal*

        *Bureau of Narcotics*, 403 U.S. 388 (1971).

81.     As a direct and proximate result of the intentional and willful actions of Defendants

        Obama, Holder, Alexander, DOJ and NSA, Plaintiffs and members of the Class demand

        that judgment be entered against Defendants Obama, Holder, Alexander, DOJ and NSA,

        each and every one of them, jointly and severally, including an award of compensatory

        and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-

        judgment interest, post-interest and costs, and an award in an amount in excess of $20

        billion U.S. dollars and such other relief as the Court may deem just and proper.

### THIRD CLAIM FOR RELIEF
**(Fourth Amendment Violation - Defendants Obama, Holder, Alexander, DOJ, and NSA)**
**(Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)**

82.     Plaintiffs and members of the Class repeat and reallege all of the previous allegations in

        paragraphs 1 through 81 of this Complaint with the same force and affect, as if fully set

        forth herein again at length.

83.     The Fourth Amendment provides in pertinent part that people have a right to be secure in

        their persons against unreasonable searches and seizures, that warrants shall not be issued

        but upon probable cause, and that the place of search must be described with

        particularity.

84.     Defendants Obama, Holder, Alexander, DOJ and NSA, acting in their official capacities

        and personally, violated the Fourth Amendment to the U.S. Constitution when they

unreasonably searched and seized and continue to search Plaintiffs' and Class members'

phone records and electronic communications without reasonable suspicion or probable

cause.

85.   Defendants Obama, Holder, Alexander, DOJ and NSA, acting in their official capacity

and personally, violated the Fourth Amendment to the U.S. Constitution by not

describing with particularity the place to be searched or the person or things to be seized.

86.   In fact, the blanket and vastly overbroad surveillance program by the NSA, acting on

behalf of the federal government and therefore Defendant Obama, as he is the chief

executive of the federal government, as well as the other Defendants, does not state with

any particularity who and what may be searched.

87.   The collection and production of the phone and internet records allows Defendant NSA

to build easily and indiscriminately a comprehensive picture and profile of any individual

contacted, how and when, and possibly from where, retrospectively and into the future.

88.   By reason of the wrongful conduct of Obama, Holder, Alexander, DOJ and NSA,

Plaintiffs and members of the Class suffered and continue to suffer from severe

emotional distress and physical harm, pecuniary and economic damage, loss of services,

and loss of society accordingly.

89.   These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the

intentional and willful actions of Defendants Obama, Holder, Alexander, DOJ and NSA,

Plaintiffs and members of the Class demand judgment be entered against Defendants

Obama, Holder, Alexander, DOJ and NSA, each and every one of them, jointly and

severally, including an award of compensatory and actual damages, punitive damages,

equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $20 billion U.S. dollars and such other relief as the Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress - Each and Every Defendant)

90.     Plaintiffs and members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 89 of this Complaint with the same force and affect, as if fully set forth herein again at length.

91.     Defendants' willful acts constitute outrageous conduct insofar as they violated Plaintiffs' and Class members' basic democratic rights, constitutional rights, and exposed them to beyond an "Orwellian regime of totalitarianism."  Plaintiffs' and Class members' rights are being surrendered in secret to the demands of unaccountable intelligence and other government agencies, as well as all of the Defendants.

92.     Defendants intended to cause Plaintiffs and members of the Class emotional distress and physical harm and acted in reckless disregard causing Plaintiffs and members of the Class emotional distress by committing these acts. The only purpose of this outrageous and illegal conduct is to intimidate American citizens and keep them from challenging a tyrannical administration and government presently controlled by the Defendants, a government which seeks to control virtually every aspect of Plaintiffs, members of the Class, and other American's lives, to further its own, and Defendants "agendas."

93.     Defendants Obama, Holder, and Alexander were agents of the United States and acted personally when they committed these acts.

94.     As a direct and proximate result of Defendants' acts, Plaintiffs and members of the Class suffered and Plaintiffs and members of the Class continue to suffer mental anguish, and severe emotional distress and physical harm.

95.     By reason of the wrongful conduct of Defendants, Plaintiffs and members of the Class suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

96.     Plaintiffs and members of the Class demand that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest, costs, and an award in an amount in excess of $20 billion U.S. dollars and such other relief as the Court may deem just and proper.


**FIFTH CLAIM FOR RELIEF**
**(Intrusion Upon Seclusion - Each and Every Defendant)**

97.     Plaintiffs and members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 96 of this Complaint with the same force and effect, as if fully set forth herein again at length.

98.     Defendants intentionally intruded upon the solitude and seclusion of Plaintiffs and members of the Class in their private affairs and concerns in a highly offensive way, and are liable for the invasion of Plaintiffs' and Class members' privacy.

99.     Defendants intruded upon the seclusion of Plaintiffs and members of the Class when they unreasonably and without reasonable suspicion or probable cause obtained access to Plaintiffs' and Class members' phone and internet records including but not limited to their location data, call duration, unique identifiers, and the time and duration of his calls,

and on information and belief, listened into and recorded calls and intercepted and reviewed Plaintiffs' internet records. Defendants' acts are highly offensive to a reasonable person. Therefore, Defendants are liable for their intrusion.

100.     By reason of the wrongful conduct of Defendants, Plaintiffs and members of the Class suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly. Plaintiffs, and other members of the Class, demand that judgment be entered against Defendants, each and every one of them, jointly and severally, for violating their constitutional rights, subjecting them to unreasonable searches and seizures, and on intrusion upon seclusion, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest, costs, and an award in an amount in excess of $20 billion U.S. dollars and such other relief as the Court may deem just and proper.

## SIXTH CLAIM FOR RELIEF
### (Divulgence of Communication Records in Violation of
### 18 U.S.C. §§2702(a)(1) and/or (a)(2) – Each and Every Defendant)

101.     Plaintiffs and members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 100 of this Complaint with the same force and effect, as if fully set forth herein again at length.

102.     In relevant part, 18 U.S.C. §2702 provides that:

"(a) Prohibitions. – Exception as provided in subsection (b) – (1) a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service; and (2) a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service – (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a

> subscriber or customer of such service; (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communication for purposes of providing any services other than storage or computer processing…"

103.   On information and belief, Defendants knowingly or intentionally divulged to one or more persons or entities the contents of Plaintiffs' and Class members' records.

104.   Communication while in electronic storage by Defendants' electronic communication service and/or while carried or maintained by Defendants' remote computing service, in violation of 18 U.S.C. §§2702(a)(1) and/or (a)(2).

105.   Defendants did not notify Plaintiffs or Class members of the divulgence of their communications, nor did Plaintiffs or Class members consent to such.

106.   On information and belief, Defendants are now engaging in and will continue to engage in the above-described divulgence of Plaintiffs' and Class members' communications while in electronic storage by Defendants' electronic communication service(s), and/or while carried or maintained by Defendants' remote computing service(s), and that likelihood represents a credible threat of immediate future harm. Plaintiffs and Class members additionally seek a declaration pursuant to 28 U.S.C. §2201 that Defendants' action violated 18 U.S.C. §2702, and seek reasonable attorneys' fees pursuant to 28 U.S.C. §2202.

107.   Plaintiffs and Class members have been and are aggrieved by Defendants' above-described knowing or intentional divulgence of records or other information pertaining to Plaintiffs and Class members.

108.   Pursuant to 18 U.S.C. §2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. §2702, Plaintiffs and Class members seek such preliminary and other equitable or declaratory relief as may be appropriate;

monetary damages for each aggrieved Plaintiffs or Class member; punitive damages as the Court considers just; and reasonable attorneys' fees and other litigation costs reasonably incurred.

**SEVENTH CLAIM FOR RELIEF**
**(Divulgence of Communication Records in Violation of**
**18 U.S.C. §§2702(a)(1) and/or (a)(2) –Each and Every Defendant**

109.    Plaintiffs and members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 108 of this Complaint with the same force and effect, as if fully set forth herein again at length.

110.    In relevant part, 18 U.S.C. §2702 provides that:

"(a) Prohibitions. – Exception as provided in subsection (b) – (3) a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by paragraph (1) or (2) to any governmental entity.

111.    On information and belief, Defendants, providers of remote computing service and electronic communication services to the public, knowingly or intentionally divulged records or other information pertaining to Plaintiffs and Class members to a governmental entity in violation of 18 U.S.C. §2702(a)(3).

112.    On information and belief, Defendants knowingly or intentionally divulged to one or more persons or entities the contents of Plaintiffs' and Class members' records.

113.    On information and belief, Defendants are now engaging in and will continue to engage in the above-described knowing or intentional divulgence of Plaintiffs' and Class members' communications while in electronic storage by Defendant Verizon's electronic communication service(s), and/or while carried or maintained by Defendant Verizon's remote computing service(s), and that likelihood represents a credible threat of immediate

future harm. Plaintiffs and Class members additionally seek a declaration pursuant to 28 U.S.C. §2201 that Defendants' action violated 18 U.S.C. §2702, and seek reasonable attorneys' fees pursuant to 28 U.S.C. §2202.

114. Plaintiffs and Class members have been and are aggrieved by Defendants' above-described knowing or intentional divulgence of records or other information pertaining to Plaintiffs and Class members.

115. Pursuant to 18 U.S.C. §2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. §2702, Plaintiffs and Class members seek such preliminary and other equitable or declaratory relief as may be appropriate; monetary damages for each aggrieved Plaintiffs or Class members; punitive damages as the Court considers just; and reasonable attorneys' fees and other litigation costs reasonably incurred.

## **PRAYER FOR RELIEF**

116. Plaintiffs and Class members demand that judgment be entered against Defendants, each and every one of them, jointly and severally, for compensatory and actual damages because of Defendants' illegal actions causing this demonstrable injury to Plaintiffs and Class members, punitive damages because of Defendants' callous, reckless indifference and malicious acts, and attorneys fees and costs in an amount in excess of $20 billion U.S. dollars and such other relief the Court may deem just and proper.

117. Plaintiffs and Class members demand declaratory, equitable and injunctive relief for their injuries in the following ways: (1) a cease and desist order to prohibit this type of illegal and criminal activity against Plaintiffs, Class members, and other U.S. citizens from occurring now and in the future; (2) that all Plaintiffs' and Class members' phone and

internet records and communication records, whether telephonic or electronic, be

returned to the provider and expunged from federal government records; and (3) a full

disclosure and a complete accounting of what each Defendant and government agencies

as a whole have done and allowed the DOJ and NSA to do.

## JURY DEMAND

**Plaintiffs respectfully demands a jury trial on all issues so triable.**


Dated: June 11, 2013                    Respectfully submitted,


                                        */s/ Larry Klayman*

                                        Larry Klayman, Esq.
                                        General Counsel
                                        Freedom Watch, Inc.
                                        D.C. Bar No. 334581
                                        2020 Pennsylvania Ave. NW, Suite 345
                                        Washington, DC 20006
                                        Tel: (310) 595-0800
                                        Email: leklayman@gmail.com
                                        Attorney for Himself, Pro Se, Plaintiffs and the Class