IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, *et. al*

                Plaintiffs,

v.

BARACK HUSSEIN OBAMA II, *et. al*

                Defendants.

Civil Action No. 1:13-cv-00881

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO REPLY IN SUPPORT OF THE GOVERNMENT DEFENDANTS' PARTIAL MOTION TO DISMISS AND SURREPLY**

      Plaintiffs, Larry Klayman, Charles and Mary Ann Strange, Michael Ferrari, and Mathew Garrison, hereby move this honorable Court for leave to file a surreply in response to the reply filed in support of the Government Defendants' Partial Motion to Dismiss, as the reply of the Government Defendants contains incorrect recitations of fact and law and the record herein needs to be set straight prior to any oral argument and/or order on the Government Defendants' motion.

      First, the Government Defendants, including Barack H. Obama, II, Eric H. Holder, Jr., Keith B. Alexander, the National Security Agency (NSA), and the Department of Justice of the United States (DOJ), claim, without any support except for the more than highly suspect representations of the Director of National Intelligence James Clapper, who has been caught previously lying to Congress under oath, that they ceased implementing the massive Internet metadata surveillance program pursuant to 50 U.S.C. § 1861 in 2011 and thus Plaintiffs' claims

1

are moot. But, Defendants' pattern of lying is continuous and documented. The Defendants simply cannot be believed particularly before discovery in this case. Not only is Defendants' argument legally false, as set forth in Plaintiffs' opposition brief, but a strong evidentiary inference arises that the program is continuing based on the pattern of false statements of the Government Defendants. Moreover, there is no dispute, as is true with their collection of telephonic metadata, where this Court already found standing for the Plaintiffs, that standing exists here as well with regard to PRISM under Section 702 (50 U.S.C. § 1881a).

Second, this same reasoning holds true for the bulk collection of metadata under Section 215 (50 U.S.C. § 1861) and standing exists here as well. Prior disclosures by whistleblower Edward Snowden and forced admissions by the Government Defendants show that there is no difference between the bulk collection of telephonic metadata and the bulk collection of Internet metadata. They are the flip side of the same unconstitutional surveillance coin. Indeed, ironically as the Honorable William Pauley found in *ACLU v. Clapper*, 2013 U.S. Dist. LEXIS 180863 (S.D.N.Y. Dec. 27, 2013), "This blunt tool only works because it collects everything . . . such data can reveal a rich profile of every individual as well as a comprehensive record of people's associations with one another." Judge Pauley's Memorandum Opinion of December 27, 2013 at 2. It would make no practical sense to exclude Internet metadata as this would create a huge hole in the wholesale surveillance which the Government Defendants claim is absolutely necessary to stop terrorist attacks – however false and misleading their representations are in light of their dismal success record. As this Court noted in its preliminary injunction order of December 16, 2013: " . . . the Government does *not* cite a single instance in which analysis of the NSA's bulk metadata collection actually stopped an imminent attack, or otherwise aided the Government in achieving any objective that was time-sensitive in nature." Judge Leon's Memorandum Opinion

of December 16, 2013 at 61. In any event, it is clear that the Government Defendants have trapped all of Plaintiffs' communications through PRISM and the bulk collection of Internet metadata and content and thus standing exists for both. And, discovery will bear this out. The Government Defendants admit this when they alluded to Plaintiffs being under investigation in a prior pleading as the reason that this case should be stayed, creating a "Catch 22" that the disclosure of this information would harm national security. Specifically, Defendants incredibly state that "litigation of this issue could risk or require disclosure of classified national security information, such as whether Plaintiffs were the targets of or subject to NSA intelligence-gathering activities . . ." Gov't Defendants Motion for Stay at 7. In response to this disingenuous and calculated reasoning, this Court observed at oral argument that this cannot stand as the Government Defendants " . . . hold all the cards." Transcript of Oral Argument on November 18, 2013 at 34.

Third, the unsupported and unsubstantiated claim of the Government Defendants that they have somehow ceased the unconstitutional use of their collection of Internet metadata not only lacks credibility in light of their constant lies and perjurious testimony before the courts and Congress, but even in the unlikely event that they did cease the offensive and illegal conduct, their conduct falls within the applicable statute of limitations – three years – for actionable conduct. Thus, this lawsuit was timely filed in 2013, even if the unlawful conduct allegedly stopped in 2011. It was thus filed within the three-year statute of limitations. See Section 12-301 of the District of Columbia Code (Limitation of time for bringing actions) which at subsection (7) provides "for which a limitation is not otherwise prescribed – 3 years." *See also Gladys Banks, Appellant v. Chesapeake and Potomac Telephone Company*, 802 F. 2d 1416 (D.C. Cir.

1986) (three year statute applies in analogous federal civil rights action under 42 U.S.C. § 1981 (1982)).

Fourth, it is shocking that the Government Defendants would misrepresent that they are not liable for monetary damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Perhaps, the Government Defendants need to be reminded of the law. The Supreme Court held in this landmark case that a violation of the Fourth Amendment's command against unreasonable searches and seizures by a federal agent acting under color of federal authority – precisely what is occurring now by Government Defendants – gives rise to a federal cause of action for damages as a consequence of the agent's unconstitutional conduct and traditional judicial remedy of damages was appropriate to vindicate the personal interests protected by the Fourth Amendment. *Id*. Specifically, the Court ruled: "That damages may be obtained for injuries consequent upon a violation of the Fourth Amendment by federal officials should hardly seem a surprisingly proposition . . . for we have here no explicit congressional declaration that persons injured by a federal officer's violation of the Fourth Amendment may not recover money damages from the agents." *Id*. at 395, 397. The Court in *Bivens* unequivocally held: " . . . petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." *Id*. at 397.

Indeed, the Obama Justice Department is representing all of the Government Defendants, as reflected even in the title of their reply brief, as the NSA and the individual Defendants were all served and have been participating as a whole in this case from the beginning. These Government agents to which *Bivens* applies include the NSA and the individual Government Defendants.

4

In sum, for all of these reasons, the Government Defendants' reply misrepresents in large measure the facts and the law and this surreply seeks only to set the record straight prior to any oral argument[1] and a ruling by this honorable Court.

For all of these compelling reasons, the Plaintiffs respectfully request that their motion for leave to file a surreply be granted and that this surreply be accepted and considered by this honorable Court.

Defendants do not consent to this motion.

Dated: February 12, 2014

                Respectfully submitted,

                */s/ Larry Klayman*
                Larry Klayman, Esq.
                Washington, D.C. Bar No. 334581
                Freedom Watch, Inc.
                2020 Pennsylvania Avenue N.W.
                Suite 345
                Washington, D.C. 20006
                (310) 595-0800
                leklayman@gmail.com

---

[1] Plaintiffs' counsel will be in the District of Columbia February 26 and the morning of February 28.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2014, a true and correct copy of the foregoing Motion for Leave to File Surreply to Reply in Support of the Government Defendants' Partial Motion to Dismiss and Surreply (Civil Action No. 13-cv-881) was submitted electronically to the District Court for the District of Columbia and served via CM/ECF upon the following:

James J. Gilligan
Special Litigation Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
 (202) 514-3358
Email: James.Gilligan@usdoj.gov

Attorney for Government Defendants.

        Respectfully submitted,
         /s/ *Larry Klayman*
        Larry Klayman, Esq.
        General Counsel
        Freedom Watch, Inc.
        D.C. Bar No. 334581
        2020 Pennsylvania Ave. NW, Suite 345
        Washington, DC 20006
        Tel: (310) 595-0800
        Email: leklayman@gmail.com