## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, *et. al*

                                 Plaintiffs,

v.

BARACK HUSSEIN OBAMA II, *et. al*

                                 Defendants.

Civil Action No. 1:13-cv-00881

**SUPPLEMENT TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO REPLY IN SUPPORT OF THE GOVERNMENT DEFENDANTS' PARTIAL MOTION TO DISMISS AND SURREPLY**

After the above-styled pleading was filed on February 12, 2014, further disclosures concerning the Government Defendants' abuses of the National Security Agency's (NSA) PRISM program under Section 702 (50 U.S.C. § 1881a) were. Specifically, James Risen, one of the nation's premier national security reporters and revealed his colleague Laura Poitras, published an article in the New York Times last Saturday, February 15, 2014, entitled "Spying by N.S.A. Ally Entangled U.S. Law Firm." It revealed through documents provided to Risen and Poitras by whistleblower Edward Snowden that, contrary to the false representations of the Government Defendants in this case and to Congress and other courts, that the overseas calls of lawyers such as Plaintiff Klayman are being intercepted and monitored. In this case, the calls of Mayer Brown, a law firm with an international trade practice were accessed with regard to its communications with the government of Indonesia concerning a routine trade case. (Ironically and importantly, as is true of Mayer Brown, Plaintiff Klayman has represented foreign

1

governments in international trade cases, such as Italy, Portugal, Thailand, Argentina and others.). Indonesia, like the countries that Plaintiff Klayman and the other Plaintiffs communicate with, are not only targets for NSA surveillance, but are also havens for terrorists and terrorist cells. Indeed, with regard to Plaintiff Klayman, as set forth in the Second Amended Complaint, he routinely communicates via telephone, email and otherwise with the government of Israel (among many other foreign countries and persons), which has already been shown to have been the subject of intercepted calls and emails of the Israeli Prime Minister's office – with which Klayman communicates. See Second Amended Complaint at Paragraphs 11-16.

The New York Times' disclosures in part reveal:

> The list of those caught up in the global surveillance net cast by the National Security Agency and its overseas partners, from social media users to foreign heads of state, now includes another entry: American lawyers.
>
> A top-secret document, obtained by the former N.S.A. contractor Edward J. Snowden, shows that an American law firm was monitored while representing a foreign government in trade disputes with the United States. The disclosure offers a . . . specific instance in which Americans were ensnared by the eavesdroppers, and is of particular interest because lawyers in the United States with clients overseas have expressed growing concern that their confidential communications could be compromised by such surveillance.

James Risen, Laura Poitras, Spying by N.S.A. Ally Entangled U.S. Law Firm, N.Y. Times, February 15, 2014. (Exhibit 1). Information covered by attorney-client privilege are likely be included in the intelligence gathering, according to the disclosures. Not surprisingly, as is "par for the course," the NSA declined to answer questions about the surveillance, including whether information involving the American law firm was shared with United States trade officials or negotiators.

Plaintiffs are submitting this supplement to give the Government Defendants notice of this newly revealed information so they can address it, if they so desire, in any responsive pleading. It is thus clear that standing exists, as it does with telephonic metadata.[1] In any event, discovery in this case will bear out the accuracy of the disclosures contained in the New York Times, and even without discovery at this stage of the proceeding with regard to the Government Defendants' partial motion to dismiss, the allegations of the Second Amended Complaint – not withstanding what has now come to light in the New York Times disclosures – must be accepted as true. Thus, the Government Defendants' partial motion to dismiss must be denied. As the Court has observed, the Government Defendants' unsupported statements that there is no such surveillance on Plaintiffs cannot be accepted at this stage, as they, and only they, hold the cards prior to discovery, which can be conducted in a number of ways, including but not limited to in camera review by this Court, without compromising national security.

Dated: February 17, 2014

Respectfully submitted,

/s/ Larry Klayman
Larry Klayman, Esq.
Washington, D.C. Bar No. 334581
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W.
Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com

---

[1] While Plaintiffs disagree with his ultimate ruling, the honorable William Pauley of the Southern District of New York acknowledges in *ACLU v. Clapper*, 2013 U.S. Dist. LEXIS 180863, "[t]his blunt tool only works because it collects everything . . . such data can reveal a rich profile of every individual as well as a comprehensive record of people's associations with one another." Judge Pauley's Memorandum Opinion of December 27, 2013 at pg. 2.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of February, 2014, a true and correct copy of the foregoing Supplement to Motion for Leave to File Surreply to Reply in Support of the Government Defendants' Partial Motion to Dismiss and Surreply (Civil Action No. 13-cv-881) was submitted electronically to the District Court for the District of Columbia and served via CM/ECF upon the following:

James J. Gilligan
Special Litigation Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
 (202) 514-3358
Email: James.Gilligan@usdoj.gov

Attorney for Government Defendants.

Respectfully submitted,

 /s/ *Larry Klayman*
Larry Klayman, Esq.
General Counsel
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com