IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *et al*,<br><br>                    Plaintiffs,<br><br>v.<br><br>BARACK OBAMA, *et al*,<br><br>                    Defendants. | Civil Action Nos. 13-cv-0851 (RJL)<br>                         13-cv-0881 (RJL) |

**PLAINTIFFS' EMERGENCY SUPPLEMENT TO OPPOSITION TO GOVERNMENT DEFENDANTS' MOTION TO DISMISS *KLAYMAN I* AND *KLAYMAN II* FOR LACK OF SUBJECT MATTER JURISIDICTION**

Plaintiffs hereby supplement their Opposition to the Government Defendants' Motion to Dismiss with regard to newly disclosed information in the public domain, from which this Court can take judicial notice, that the National Security Agency ("NSA") and likely the Central Intelligence Agency ("CIA") are continuing to violate the Forth Amendment to the Constitution and related statutes, this time by spying on President Donald J. Trump, The White House, his former National Security Advisor General Michael Flynn, and others in his administration. Accordingly, Plaintiffs respectfully request an emergency status conference to determine how to proceed.

In this regard, the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") recently confirmed that it and other courts have the power to receive classified information in chambers - given the security clearances provided to judges – in its recent decision regarding the temporary moratorium on immigration from seven Middle Eastern countries. On page 27, footnote 8, of its Order, the Ninth Circuit states:

> In addition, the Government asserts that, "[u]nlike the President, courts do not have access to classified information about the threat posed by terrorist organizations operating in particular nations, the efforts of those organizations to infiltrate the United States, or gaps in the vetting process." But the Government may provide a court with classified information. Courts regularly receive classified information under seal and maintain its confidentiality. Regulations and rules have long been in place for that. 28 C.F.R. § 17.17(c) (describing Department of Justice procedures to protect classified materials in civil cases); 28 C.F.R. §17.46(c) ("Members of Congress, Justices of the United States Supreme Court, and Judges of the United States Courts of Appeal and District Courts do not require a determination of their eligibility for access to classified information . . . ."); W.D. Wash. Civ. L.R. 5(g) (providing procedures governing filings under seal).

*State of Washington v. Trump*, Case No. 17-35105 (9th Cir. 2017). This affirms that this Court has the power to summon appropriate NSA officials or personnel to confirm that telephonic metadata of Plaintiffs have been accessed and "harvested," contrary to the Forth Amendment and other related statutory laws. Additionally, as Plaintiffs previously moved, this Court can also interview whistleblower Dennis Montgomery in camera to ascertain that indeed the intelligence agencies have been illegally harvesting confidential information from Supreme Court justices, hundreds of other judges – including this Court, prominent businessmen such as Donald Trump, and even Plaintiff Larry Klayman.

Accordingly, Plaintiffs respectfully request an emergency status conference in order to determine how to expeditiously proceed, given this newly disclosed information, and the exigencies involved in the continuing unlawful conduct of the Government Defendants, which is highly destructive of our republic.

Dated: February 15, 2017
Respectfully submitted,

/s/ Larry Klayman
Larry Klayman, Esq.
KLAYMAN LAW GROUP
D.C. Bar No. 334581

3

                                        2020 Pennsylvania Ave. NW, Suite 800
                                        Washington, DC 20006
                                        Tel: (561) 558-5536
                                        Email: leklayman@gmail.com

                                        Attorney for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on February 15, 2017.

                                          */s/ Larry Klayman*
                                          Attorney